IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NXP USA, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-1086-RP |
| PTW AMERICA, LLC, PTW ASIA PTE, LTD., and MLS CORP., | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiff NXP USA INC.'s ("NXP") Unopposed Motion for Leave to Make Alternate Service on Defendant MLS Corp.[1] (Mot. Alt. Service, Dkt. 19). Having considered the motion and the relevant law, the Court finds that it should be granted.

**I. BACKGROUND**

NXP filed its Complaint on July 11, 2025, alleging that Defendants PTW America, LLC and PTW Asia PTE, LTD (collectively, "PTW) breached a contract to purchase semiconductor equipment from NXP. (Compl., Dkt. 1, at 4, 6). According to NXP, PTW claims to have breached the contract because Defendant MLS Corp., a South Korean entity, breached a contract with PTW to fund the acquisition and take delivery of the equipment. (*Id.* at 2, 5–7).

NXP represents in its motion that, upon filing this action, it immediately contacted MLS Corp.'s known counsel and requested that it waive service. (*Id.* at 3). Though no attorney has made an appearance in **this** case for MLS Corp., the Sul Lee Law Firm was representing MLS Corp. in a

---

[1] The motion is unopposed by Defendant PTW America, LLC, the only Defendant who has appeared in this case so far. (Mot. Alt. Service, Dkt. 19, at 1).

1

related case in this District at the time this email was sent.² (*Id.*). The attorney for MLS Corp. in the related case responded, "My client has not agreed to waive service." (*Id.*).

Because MLS Corp. declined to waive service, NXP attempted service through the Hague Convention of Defendant MLS Corp. at two physical addresses in South Korea. (Mot. Alt. Service, Dkt. 19, at 2). One of these addresses was the address listed on the contract at issue in this proceeding and had been confirmed by the CEO of MLS Corp. to be the entity's address. (*Id.* at 2, 6–7). NXP had paid to translate its summons and complaint into Korean and hired foreign process servers. (*Id.* at 6). Service at this address nonetheless failed. (*Id.* at 7). NXP also attempted service at a second address found online for MLS Corp.; this service attempt failed as well. (*Id.* at 4, 7).

Based on its failure to successfully service MLS Corp. under the Hague Convention, NXP now seeks to serve MLS Corp. through serving MLS Corp.'s Texas-based counsel and by emailing MLS Corp.'s CEO. NXP represents that MLS Corp.'s CEO "was directly involved in the events underlying this dispute using the same email address through which [NXP] will now serve him," making service via email likely to apprise MLS Corp. of this action. (*Id.* at 2).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) provides for service on a foreign individual outside the United States. Foreign individuals may be served "by any internationally agreed means of service that is reasonably calculated to give notice," including, but not limited to, the Hague Convention. Fed. R. Civ. P. 4(f)(1). "[I]f there is no internationally agreed means, or if an international agreement allows but does not specify other means," service may be "by a method that is reasonably calculated to give notice" as provided for in foreign law, as directed by a foreign authority in response to a letter rogatory or letter of request, or by personal or mail service (unless prohibited by foreign law). Fed. R. Civ. P. 4(f)(2). A plaintiff may also serve a foreign individual "by other means not prohibited

---

² The related case is *PTW America LLC v. MLS Corp.*, No. 1:24-CV-178.

by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Rule 4(h) governs service of process on foreign businesses and similarly allows for service of a foreign corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

Rules 4(f)(1) and 4(f)(2) provide specific methods of serving process on individuals in foreign countries. *See* Fed. R. Civ. P. 4(f)(1)–(2). Rule 4(f)(3) permits a district court to order an alternate method for service to be effected upon foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. Fed. R. Civ. P. 4(f)(3). "A party seeking authorization for alternate service under Rule 4(f)(3) need not attempt service by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the Court for 4(f)(3) relief." *Your True Nature, Inc. v. JF Show Store*, No. 1:22-CV-1205-RP, 2022 WL 20286305, at *1 (W.D. Tex. Nov. 17, 2022) (quotation and citation omitted); *see also Acqis LLC v. Lenovo Group Ltd.*, No. 6:20-CV-00967-ADA, 2022 WL 2078035, at *1 (W.D. Tex. June 9, 2022) ("[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief," but rather, "merely one means among several which enables service of process on an international defendant") (citations and quotations omitted). "The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court." *Your True Nature, Inc.*, 2022 WL 20286305, at *1; *see also Natty Paint LLC v. Individuals, Bus. Entities, & Unincorporated Associations Identified on Exhibit 1*, No. 1:22-CV-1193-LY, 2023 WL 3681682, at *1 (W.D. Tex. Jan. 17, 2023) ("District courts have considerable discretion to authorize an alternative means of service so long as the method of service is not prohibited by international agreement.") (citations omitted).

A method of service of process must also comport with constitutional notions of due process. "Constitutional due process requires only that service of process provide 'notice reasonably

calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Your True Nature, Inc.*, 2022 WL 20286305, at *1 (citing, inter alia, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

### III. DISCUSSION

First, the Court must determine whether an international agreement prohibits service via email. *See YETI Coolers, LLC v. Xiangsong*, No. 1:24-CV-263-RP, 2024 WL 1520970, at *2 (W.D. Tex. Apr. 8, 2024). Under normal circumstances, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") would provide the allowable methods of service in this case, as the United States and South Korea are each signatories to the Hague Convention. *See* Hague Conference on Private International Law (HCCH), Member: Republic of Korea, https://www.hcch.net/en/states/hcch-members/details1/?sid=48 (last visited Jan. 7, 2026) (stating that the Republic of Korea is a contracting party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents). However, "the Hague Convention does not apply when the address of the person to be served is unknown." *United States v. Real Prop. Known As 200 Acres of Land Near FM 2686 Rio Grande City, Tex.*, 773 F.3d 654, 659 (5th Cir. 2014) (citing Hague Service Convention, art. 1, Nov. 15, 1965, 20 U.S.T. 361). In this case, based on NXP's failed attempts to serve MLS Corp. at its only two available addresses, MLS Corp.'s address is not known. The Hague Convention therefore does not apply.

Second, the Court must find that service via the email addresses for MLS Corp.'s counsel and via the email address for MLS Corp.'s CEO comports with constitutional notions of due process. Dominque Williams and Diren Singhe, attorneys at Sul Lee Law Firm, previously communicated with NXP's counsel on behalf of MLS Corp. Dominique Williams called MLS Corp. "my client" in an email as recently as August 4, 2025. (Williams Email, Dkt. 19-1, at 6). NXP has

provided the Court with an exhibit demonstrating that the email addresses provided for Dominque Williams and Diren Singhe are valid. (*Id.*). *See YETI Coolers, LLC*, 2024 WL 1520970, at *2 ("The Court finds that the due process requirement for alternative service by email is satisfied when the plaintiff demonstrates that the email address at issue is valid and successfully receiving messages."). The Court therefore finds that serving Dominque Williams and Diren Singhe, attorneys at Sul Lee Law Firm, is "reasonably calculated to notify" MLS Corp. of the instant action. *See* Fed. R. Civ. P. 4(f) (allowing service on international entities or individuals by methods "reasonably calculated to give notice"); *Garcia v. Rancho Cinegetico El Gran Chaparral II, S. de R.L. de C.V.*, No. 1:24-CV-522-RP, 2024 WL 5373335, at *3 (W.D. Tex. June 28, 2024) (holding that serving an attorney who appears to be counsel for a defendant was a proper method of alternate service where the attorney "clearly [was] in contact with Defendants and seems to have confirmed in his . . . email . . . that Defendants are indeed his clients").

Regarding service via the email address of MLS Corp.'s CEO, Joo Kim, NXP has provided the Court with the email address used by Mr. Kim to communicate with PTW regarding the contracts at issue in this lawsuit. (Mot. Alt. Service, Dkt. 19, at 8). The Court notes, however, that the email provided as proof of Mr. Kim's email address is from July 2023—over two years ago. (Kim Email, Dkt. 19-1, at 162). If this email address were the only method by which NXP intended to serve MLS Corp., the Court would be hesitant to find that NXP has sufficiently demonstrated that his email address is "valid and successfully receiving messages." *See YETI Coolers, LLC*, 2024 WL 1520970, at *2. Because NXP will also be serving MLS Corp.'s counsel, however, the Court finds the combination of serving both MLS Corp.'s counsel and its CEO via email comports with due process.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that NXP's Unopposed Motion for Leave to Make Alternate Service on Defendant MLS Corp, (Mot. Alt. Service, Dkt. 19), is **GRANTED**.

**IT IS FURTHER ORDERED** that NXP shall serve Defendant MLS Corp. by delivering the translated version of the Summons and Complaint and a copy of this Order by electronic mail to Joo Kim at the following email address: jtkim.mls@gmail.com.

**IT IS FURTHER ORDERED** that NXP shall serve Defendant MLS Corp. by delivering the Summons and Complaint and a copy of this Order by electronic mail to Dominique Williams and Diren Singhe, Sul Lee Law Firm, at the following email addresses: dsinghe@sulleelaw.com and dwilliams@sulleelaw.com.

**IT IS FURTHER ORDERED** that service of process on MLS Corp. shall be considered complete upon the transmission of such emails to the three email addresses listed above.

**IT IS FINALLY ORDERED** that NXP shall file a notice with the Court demonstrating compliance with this Order within **ten days** of service.

**SIGNED** on January 8, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE