UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NXP USA INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-1086-RP |
| | § | |
| PTW AMERICA, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendant PTW America, LLC and PTW Asia PTE Ltd.'s (collectively, "PTW Defendants") Opposed Motion to Quash and For Entry of Protective Order Regarding Deposition of Non-Party Benjmain Lu, (Dkt. 42), and PTW Defendants' Opposed Emergency Motion to Quash and For Entry of Protective Order Regarding Depositions of Harry Engwer and Emerald Grieg, (Dkt. 44). For the reasons discussed below, the Court will deny PTW Defendants' motions.

## I. BACKGROUND

Benjamin Lu, Harry Engwer, and Emerald Grieg (collectively, "Deponents") are non-parties to this action. Plaintiff NXP USA, Inc. ("Plaintiff") served the parties with notices of intent to serve a subpoena for remote video depositions. (Lu Mot., Dkt. 42, at 1; Engwer & Grieg Mot., Dkt. 44, at 1). PTW Defendants contend that Deponents' depositions should not be taken yet, as "multiple parties have been added to this action but have not yet been served and/or otherwise appeared." (Lu Mot., Dkt. 42, at 2; Engwer & Grieg Mot., Dkt. 44, at 2). They claim that taking their depositions at this point in the litigation would not be efficient, as newly added Defendants may wish to redepose them, and that taking these depositions now is not necessary, as discovery does not close for almost

five months under the current scheduling order. (*Id.* at 2). PTW Defendants therefore move for the Court to quash the subpoenas or enter a protective order postponing their depositions.

Plaintiff responds, *inter alia*, that (1) there is not sufficient justification to pause discovery in a case where discovery began almost one year ago, even when a new party is added, and (2) PTW Defendants' contention that the unserved Defendants may wish to redepose Deponents is speculative, as there is no reason to believe the unserved defendants will have a desire to depose Depondents. (Resp. to Lu Mot., Dkt. 46, at 5–7; Resp. to Engwer & Grieg Mot., Dkt. 50, at 6–10). More specifically, Plaintiff represents that, based on the discovery completed so far, Mr. Lu "had no involvement with MLS, and there is no evidence that if the new MLS defendants appear they will seek discovery from him" and that Mr. Engwer and Ms. Grieg likewise have "do not have knowledge relevant to [the] issue" of the unserved Defendants' liability. (Resp. to Lu Mot., Dkt. 46, at 7; Resp. to Engwer & Grieg Mot., Dkt. 50, at 10). Plaintiff also argues that PTW Defendants lack standing to move for the Court to quash non-parties' depositions based on burden concerns. (*Id.* at 9 (quoting *League of United Latin Am. Citizens v. Abbott*, No. 3:21-CV-299, 2022 WL 2329195, at *3 (W.D. Tex. June 27, 2022)). Relatedly, even though PTW Defendants could have standing to request entry of a protective order, Plaintiff contends that PTW Defendants have failed to show good cause to justify a protective order. (Resp. to Lu Mot., Dkt. 46, at 8–9; Resp. to Engwer & Grieg Mot., Dkt. 50, at 10). Finally, Plaintiff asserts that, in the event the unserved Defendants do wish to redepose Deponents, they would be required to seek leave of Court, and the Court could set limitations on the second depositions to decrease burden and ensure "no inefficient overlap." (Resp. to Engwer & Grieg Mot., Dkt. 50, at 8).

In their Replies, the PTW Defendants claim that they have shown good cause for a protective order. (Reply to Lu Mot., Dkt. 52, at 3; Reply to Engwer & Grieg Mot., Dkt. 53, at 3–4). They also emphasize that they are only requesting postponement "until GYST and Mr. Kim have

been served and have had 'an adequate opportunity to appear in this suit,'" such that any postponement would be limited. (Reply to Lu Mot., Dkt. 52, at 3; Reply to Engwer & Grieg Mot., Dkt. 53, at 3).

## II. DISCUSSION

### A. Motion to Quash Subpoenas

"A party to litigation has no standing to move to quash a third party subpoena duces tecum absent some 'personal right or privilege' in the materials sought." *Granados v. State Farm Lloyds*, No. DR-10-CV-13-AML-VRG, 2010 WL 11597707, at *1 (W.D. Tex. June 2, 2010) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). "District courts require parties to color their claims of a personal right or privilege in materials sought with specificity." *Id.* (collecting cases). On timely motion, a court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A). It is well established that "[m]atters relating to discovery are committed to the discretion of the trial court." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 347 (5th Cir. 2004). "Judges should not hesitate to exercise appropriate control over the discovery process." Fed. R. Civ. P. 26 cmt. (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979)).

The Court agrees with Plaintiff that PTW Defendants have not shown why they have standing to move to quash Deponents' depositions, as Deponents themselves have not joined in the motion to quash or otherwise objected to holding the depositions at this stage of the litigation. *See El Paso Disposal, LP v. Ecube Labs Co.*, No. EP-24-CV-00097-KC-ATB, 2024 WL 5711797, at *3 (W.D. Tex. Aug. 30, 2024) (explaining that parties do not have standing to challenge the subpoenas "based on any prejudice or harm to" third parties, especially where the third parties have not objected); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (a party does not have standing to quash a third-party subpoena unless the party seeks to quash based on a "personal right or privilege

with respect to the materials subpoenaed"). Nor have PTW Defendants sufficiently shown that they themselves would suffer undue burden by the possibility of Deponents being deposed twice. The Court will therefore deny the portion of PTW Defendants' motion seeking to quash the subpoenas to depose Deponents for lack of standing.

**B. Motion for Protective Order**

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending" and the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The burden is on the movant to show that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)). District courts "enjoy[] wide discretion in determining the scope and effect of discovery." *Id.*

The Court finds that, based on Plaintiff's representations, PTW Defendants have not adequately explained why they reasonably expect the unserved Defendants to seek to redepose Deponents beyond mere speculation. Accordingly, PTW Defendants have not shown good cause to show that a protective order is necessary to protect Deponents from undue burden. Moreover, even if the unserved Defendants do wish to redepose Deponents, a second deposition would require leave of court. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). If this scenario arises, the Court may place limitations on the allowable topics and amount of time allowed to lessen any burden on Deponents. Finally, this case has already been pending for over one year, and the Court finds that allowing the discovery process to move forward best serves the parties and the litigation. The Court will therefore deny the motion for a protective order.

## III. CONCLUSION

For the reasons provided above, **IT IS ORDERED** that PTW Defendants' Opposed Motion to Quash and For Entry of Protective Order Regarding Deposition of Non-Party Benjmain Lu, (Dkt. 42), and PTW Defendants' Opposed Emergency Motion to Quash and For Entry of Protective Order Regarding Depositions of Harry Engwer and Emerald Grieg, (Dkt. 44), are **DENIED**.

**SIGNED** on August 4, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE